IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

ENTERGY ARKANSAS, INC.                                                                      PLAINTIFF

v.                                        Case No. 6:17-cv-06022

BRENT JAMES                                                                                 DEFENDANT

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pending now before the Court is Plaintiff's Motion to Remand. ECF No. 7. Plaintiff filed this Motion on February 23, 2017. *Id.* Defendant responded to this Motion on March 9, 2017. ECF No. 9. Plaintiff did not reply. This Motion is now ripe for consideration.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable Susan O. Hickey referred this Motion to this Court for the purpose of making a report and recommendation. In accordance with that referral, this Court recommends Plaintiff's Motion to Remand (ECF No. 7) be **GRANTED.**

**1.      Background**

On March 29, 2016, Plaintiff filed this lawsuit in Garland County Circuit Court. ECF No. 3. In its Complaint, Plaintiff raised two causes of action under Arkansas law: (1) trespass and (2) injunctive relief. *Id.* Also in its Complaint, Plaintiff references findings from the U.S. Army Corps of Engineers. *Id.* ¶ 26.

Currently before this Court is Plaintiff's Motion to Remand. ECF No. 7. With this Motion, Plaintiff requests its case be remanded to Garland County Circuit Court. *Id.* Plaintiff claims Defendant did not timely remove this action; thus, this case must be remanded. *Id.* Defendant has responded to Plaintiff's Motion. ECF No. 9. In this response, Defendant claims he filed the notice

of removal belatedly because of newly-acquired knowledge of federal question jurisdiction. *Id.* Defendant claims that as soon as he discovered this information, he properly removed this case. *Id.*

**2.     Applicable Law**

The procedure to remove a civil action from a state court to a federal court is governed by 28 U.S.C. § 1441 (2011). Under this statute, only civil actions "which the district courts of the United States have original jurisdiction" may be removed. *Id.* § 1441(a). Under the current facts, the "original jurisdiction" of this case is based upon federal question jurisdiction. *See* 28 U.S.C. § 1331 (1980).

Generally, a notice of removal must be filed within thirty (30) days "after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim of relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). Further, under subsection (b), that thirty-day deadline is extended until "30 days *after receipt by the defendant, through service or otherwise,* of a copy of an amended pleading, motion, order *or other paper* from which it may *first* be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3) (emphasis added).

**3.     Discussion**

In the present action, Defendant claims this case was belatedly removed because he just acquired knowledge that the U.S. Army Corps of Engineers ("COE") might be involved in this case. ECF No. 10 at 3. As Defendant claims, he only recently acquired information that "the COE has authority over the subject matter of the suit which is the lake surface and lake bed." *Id.* Defendant, however, has not referenced any federal statute or law that might be implicated in this case if the COE were involved in this case. *Id.*

There are two issues with regard to Defendant's argument. First, Defendant did not *just* acquire information that the COE might be involved in this case. In Plaintiff's Complaint, it referenced a report from the COE. ECF No. 3 ¶ 26. Specifically, the Complaint stated: "After consultation with the U.S. Army Corps of Engineers, it was determined that: (a) As mitigation for the non-permitted dredging activity, James would be required to 'place rock 4 inches to 12 inches in size as rip-rap along the seawall on Entergy's property adjacent to property subject to a prior landscape permit that is adjacent to 377 Woodland Shores up to the normal summertime pool level during the next drawdown'; and (b) James would be required to pay Entergy a violation fee equal to five thousand seventy-five and no/100 dollars ($5,075.00)." *Id.* Thus, Defendant was certainly put on notice of the potential involvement of the COE when Plaintiff's Complaint was filed on March 29, 2016, which was well over thirty days ago.[1]

Second, Defendant has not demonstrated this case is removable. To be removable, a civil action must be one "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331 (1980). While additional facts of the involvement of the COE have recently, according to Defendant, come to light, under the facts presented here, there has been no demonstration that the involvement of COE would cause this case to be one "arising under" federal law.

While Defendant's removal was not unreasonable, in light of all of the facts shown here, it appears his removal was untimely filed. Further, despite the apparent involvement, in some fashion, of the COE, there is no clear basis for federal question jurisdiction, the Court finds this case should be remanded to the Circuit Court of Garland County, Arkansas pursuant to 28 U.S.C. § 1447(c) (2011).

---

[1] Indeed, this case was removed in February of 2017, which is nearly a year after this case was filed.

Along with its Motion to Remand, Plaintiff seeks an award of attorney's fees and costs. While § 1447(c) allows the court to award costs and attorney's fees on remand, such award is discretionary not mandatory. There is no "strong presumption" in favor of awarding attorney's fees and costs on remand. *See Martin v. Franklin Capital Corp*, 546 U.S. 132, 136 (2005). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id* at 141. Here there is no basis for the award of attorney's fees or costs in this matter.

**4. Conclusion**

Based upon the foregoing, the Court recommends Plaintiff's Motion to Remand (ECF No. 7) be **GRANTED.²** I also recommend that no attorney's fees or costs be awarded to either party.

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.** *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

**ENTERED this 20th day of April 2017.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

---

² If the report and recommendation is adopted, a certified copy of that order and this report and recommendation should be mailed by the U.S. Clerk to the clerk of the Circuit Court of Garland County, Arkansas pursuant to 28 U.S.C. § 1447(c). The Circuit Court of Union County, Arkansas may "thereupon proceed with such case." *Id*.